UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARIK MESSAAD, | 3:15-cv-00582-MMD-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| RENO JUSTICE COURT, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and plaintiff's *pro se* complaint (#1-1). Having reviewed both, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted. The court further recommends that plaintiff's complaint proceed as to certain defendants and claims, and be dismissed as to others.

   **I.**  *IN FORMA PAUPERIS* **APPLICATION**

Based on the financial information provided in plaintiffs' application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. (*See* #1 at 1–2.) The court therefore recommends granting plaintiffs' application.

   **II.**  **LEGAL STANDARD**

Applications to proceed *in forma pauperis* by *pro se* plaintiffs are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if

the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard when reviewing the adequacy of a complaint under § 1915.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

Upon review, the complaint is construed in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court takes particular care when reviewing the pleadings of a pro se plaintiff, as a more forgiving standard applies to litigants not represented by counsel. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).  In addition, a *pro se* plaintiff must be given notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.*  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly

does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).

### III.   DISCUSSION

Tarik Messaad ("plaintiff") is a resident of Reno, Nevada.  As alleged in the complaint, plaintiff was arrested around 11:00 p.m. on Saturday, November 7, 2015, for gross misdemeanor assault, and was taken to the Washoe County Jail.  (#1-1 at 4.)  Plaintiff's initial appearance and probable cause hearing was held around 9:00 a.m. on Thursday, November 12, 2015, more than four days after he was arrested.  (*Id.*)  Both in his case and as a general proposition, plaintiff contends that defendants do not properly limit the length of time between when an arrest is made and when the arrestee appears before a judge, and instead abide by a general "72 hour requirement." (*Id.* at 7.)  This is reflected in the case summaries prepared by Reno Justice Court clerks.  (*Id.*)

Plaintiff asked for defense counsel and completed an indigency form prior to his initial appearance.  Despite this, counsel was not appointed or present to challenge the existence of probable cause or the proposed bail amount.  (*Id.* at 4.)  Bail was set for $2,500.00.  (*Id.*)

Plaintiff attempted to assert that his civil rights had been violated by filing *pro se* motions in the state criminal proceeding.  (*Id.*)  However, defense counsel was appointed a few days later.  (*Id.*)  Because plaintiff was represented, the Reno Justice Court judge declined to entertain plaintiff's *pro se* claims at a status conference on November 18, 2015.  (*Id.* at 5.)

Plaintiff's complaint additionally contends that an individual named Akenaten Bluehorse faced a similar delay between his arrest and probable cause hearing, and that Mr. Bluehorse was unable to obtain a ruling on the alleged constitutional violations from the state court system.  (*Id.* at 5–6.)  Plaintiff presents Mr. Bluehorse's experience as "proof of defendants' similar conduct in other cases," and to illustrate that relief is not available in state court.  (*Id.* at 4–6.)

Based on these events and pursuant to 42 U.S.C. § 1983, plaintiff asserts violations of his Fourth Amendment right to a prompt probable cause determination, Sixth Amendment right to counsel at the initial appearance, and Fourteenth Amendment rights of due process and equal protection.  (*Id.* at 9.)  He names the Reno Justice Court, Washoe County, and Washoe County

Sheriff Chuck Allen as defendants, and seeks declaratory and injunctive relief, damages, and costs. (*Id.* at 10.) For the reasons discussed below, the court concludes that dismissal of plaintiff's Sixth and Fourteenth Amendment claims, and all claims against the Reno Justice Court, is warranted.

**A.     The Reno Justice Court is not a proper defendant.**

Nevada justice courts are considered to be part of the state judicial branch, as opposed to the local government of the city or county in which it sits. *See* Nev. Const. art. 6, § 1; *Heckman v. Dodd*, 2:11-cv-00480-RLH-LRL, Doc. #6, at 5 (D. Nev. May 2, 2011). "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 does not abrogate the states' sovereign immunity, *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995), and Nevada has not consented to suit, Nev. Rev. Stat. § 41.031(3). Accordingly, because the Reno Justice Court is an arm of the state, plaintiff's claims against it must be dismissed.

**B.     Plaintiff's Sixth and Fourteenth Amendment claims are *Heck* barred.**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and

operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486–87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of *habeas corpus*. *Heck*, 512 U.S. at 481–82; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Plaintiff states in his complaint that he "does not seek review of any convictions or the criminal proceedings." (#1-1 at 2.) However, it is plain from his allegations that his Sixth and Fourteenth Amendment claims implicate the validity of his conviction. Plaintiff contends that he required counsel at his initial appearance so as to challenge the existence of probable cause in his case, as well as the amount of bail that was set. (*Id.* at 4; *see also* #1-2 at 7–8.) He also states, more generally, that defendants' actions increase the likelihood that indigent criminal defendants will be subjected to "indefinite detention" or "coerced into pleading guilty" to be released from jail. (*Id.* at 7–9.) Were this court to rule in his favor, the decision would suggest that a state court conviction was improperly secured. Thus, even assuming that plaintiff states a proper claim for a Sixth or Fourteenth Amendment violation, *Heck* requires that he first demonstrate that his conviction has been overturned to proceed. As he has not done so, his sole relief at this juncture is a *habeas corpus* action.

**C.    Plaintiff states a Fourth Amendment claim against Washoe County and Sheriff Allen.**

Plaintiff's Fourth Amendment claim against Washoe County and Sheriff Allen remain. "When a person is arrested without the benefit of a warrant supported by probable cause, the Fourth

Amendment requires a judicial determination of probable cause to occur 'promptly' after their arrest." *Jones v. City of Santa Monica*, 382 F.3d 1052, 1055 (9th Cir. 2012) (citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)). The nature of this determination "usually will be shaped to accord with a State's pretrial procedure viewed as a whole." *Gerstein*, 420 U.S. at 123; *see also Jones*, 382 F.3d at 1055. An adversarial hearing is not required, and the arrestee need not make a personal appearance. *Jones*, 382 F.3d at 1055–56. However, the Supreme Court has warned that the flexibility provided for in *Gerstein* has its limits: "[a] State has no legitimate interest in detaining for extended periods individuals who have been arrested without probable cause." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 55 (1991). Probable cause determinations made within forty-eight hours of the arrest presumptively comply with the requirement of promptness, while determinations made after forty-eight hours have passed are presumptively unreasonable. *Id.* at 55–56.

Municipal entities may be liable as "persons" under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Although a municipal entity cannot be liable on a *respondeat superior* theory, liability may attach where the constitutional violation was premised on (1) an official policy, (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity," (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy," or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008).

Plaintiff alleges that he "was not given an initial appearance (and probable cause) hearing until about 9 AM on Nov. 12, 2015–over 4 days (100+) hours after his arrest." (#1-1 at 4.) Plaintiff alleges that his rights were violated pursuant to defendants' policy or custom that probable cause hearings be held 72 hours after an arrest. (*Id.* at 3, 7.) Further, he maintains that Sheriff Allen was the individual responsible for his custodial detention and for bringing him before the Reno Justice Court. (*Id.* at 2–3.) Assuming plaintiff's allegations to be true, as the court must, the delay

between his arrest and probable cause determination was unreasonable under *McLaughlin*. *See Powell v. Nevada*, 511 U.S. 79, 83–84 (1994). Thus, plaintiff may proceed against Washoe County and Sheriff Allen.

At this juncture, it is worth noting that plaintiff's ability to move forward with his Fourth Amendment claim may be affected by the abstention doctrine. It appears that plaintiff's state court criminal case was ongoing at the time of filing. (*See* #1-1 at 13–14.) This court is not privy to the current status of the case, and thus assumes for the purposes of this screening order that the case has been resolved. However, the court counsels plaintiff that the federal courts typically will not interfere in ongoing state criminal proceedings by granting injunctive or declaratory relief. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). *Younger* abstention is required if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Where all three elements are met, the court must dismiss the federal action. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

**D.    Plaintiff is not entitled to a preliminary injunction.**

With his *in forma pauperis* application and complaint, plaintiff also filed a motion for a preliminary injunction (#1-2) based on the constitutional violations alleged in the complaint. The court recommends that the motion be denied.

Courts may grant preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. However, a preliminary injunction is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Counsel*, 555 U.S. 7, 24 (2008). Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). The moving party must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In circumstances where the likelihood of success is uncertain because of "serious

questions" relating to the merits of the case, but irreparable injury is likely and the balance of hardships "tips sharply" in the movant's favor, the Ninth Circuit also employs a "sliding scale" test. *Cottrell*, 632 F.3d at 1134–35. Thereunder, an injunction is appropriate where the other three factors weigh heavily in the movant's favor and the costs of not granting an injunction outweigh the benefits. *Id.* at 1133–34 (discussing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).

Plaintiff contends that he has "encountered multiple violations of his constitutional rights and such constitute irreparable harm." (#1-2 at 7.) Even assuming that plaintiff's Fourth Amendment rights were violated, however, the violation is not ongoing; plaintiff concedes that a probable cause determination was eventually made. (*Id.* at 4.) Accordingly, plaintiff has not shown that he is likely to suffer irreparable harm in the absence of an injunction as pertaining to the only claim that remains in this action. Without a likelihood of irreparable harm, a preliminary injunction cannot issue.

### III.   CONCLUSION

Plaintiff states a colorable § 1983 claim under the Fourth Amendment against Washoe County and Sheriff Allen, but his remaining claims must be dismissed. Reno Justice Court, as a state entity, is immune from suit, and plaintiff's Sixth and Fourteenth Amendment claims are barred by *Heck*. Further, plaintiff has not shown that he is entitled to preliminary injunctive relief.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order. Any notice of appeal should not be filed until entry of the District Court's judgment.

# IV. RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (#1-1);

**IT IS FUTHER RECOMMENDED** that plaintiff's Fourth Amendment claim **PROCEED** against Washoe County and Sheriff Allen;

**IT IS FURTHER RECOMMENDED** that the claims set forth against the Reno Justice Court, and the Sixth and Fourteenth Amendment claims against all defendants, be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND.**

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for a preliminary injunction (#1-2) be **DENIED**.

**DATED**: March 31, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**